IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA SCHULZ, YVONNE SCHULZ, MINORS I.S. AND J.S., BY AND THROUGH JOSHUA AND YVONNE SCHULZ, THE NATURAL PARENTS AND NEXT FRIENDS OF I.S. AND J.S.; *Plaintiffs* | § § § § § § § § | |
| -vs- | § § | SA-23-CV-00504-XR |
| THE CITY OF LA VERNIA, TEXAS, THE LA VERNIA POLICE DEPARTMENT, THE LA VERNIA CHIEF OF POLICE, JANE DOE, *Defendants* | § § § § § | |

## ORDER ON REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed June 26, 2023 (ECF No. 7). After careful consideration, the Court **ADOPTS** the Magistrate Judge's recommendation that Plaintiffs' motion for a preliminary injunction (ECF No. 3) be **DENIED**.

### BACKGROUND

*Pro se* Plaintiffs Joshua and Yvonne Schulz ("Plaintiffs"), individually and on behalf of their two minor children, I.S. and J.S., assert claims under 42 U.S.C. § 1983 against Defendants the City of La Vernia, Texas ("La Vernia" or the "City"), the La Vernia Police Department (the "LVPD"), the La Vernia Chief of Police, and Jane Doe. *See* ECF No. 9 at 1. Plaintiffs allege that county officials are prosecuting them for illegal dumping in retaliation against their constitutionally protected speech. *See id*. at 4.

On May 29, 2020, Plaintiffs and I.S. made two signs protesting police misconduct. The first sign ("Sign 1") was made "of an approximately 26-pound piece of plywood that measured

about 4ft X 4ft" and read "[Police Officer 0], dirty pig. No Justice, no peace." *Id.* at 2 The second, smaller sign ("Sign 2"), "weigh[ing] under 5 pounds and measur[ing] 1ft X 2ft in size," simply read, "Fire [Police Officer 0]."[1] *Id.* Later that day, Plaintiffs and J.S. placed the signs near the La Vernia City Office building, which contains both La Vernia City Hall and the La Vernia Police Department. *Id.* They leaned Sign 1 against a utility pole in front of the police station and affixed Sign 2 to a fence across the street, both "to be picked up later as a form of silent protest." *Id.* at 3. J.S. took photos of Plaintiffs in front of their signs, and the Schulz family left the area. *Id.* When they returned 30 minutes later, Plaintiffs discovered that both signs had been removed. *Id.* They searched the city block for the missing signs but could not locate them. *Id.*

Nearly a year later, on April 22, 2021, Plaintiffs were informed about a warrant for their arrest for "illegal dumping" issued on June 22, 2020. *Id.* Over a year after they learned about the arrest warrant, Plaintiffs were taken for booking and processing at the Wilson County jail, where they were allegedly held for approximately five hours and subjected to a strip search. *Id.* at 3, 5. On May 5, 2022, Wilson County prosecutors charged Plaintiffs with illegal dumping. *Id.* at 4. To the Court's knowledge, the criminal proceedings against Plaintiffs are ongoing.

Plaintiffs initiated this action on April 21, 2023, seeking leave to proceed *in forma pauperis* ("IFP") (ECF Nos. 1, 2) in asserting claims for damages and injunctive relief against the City, the LVPD, the La Vernia Chief of Police, and an unidentified Jane Doe, who allegedly reported the signs, for, among other things, violations of their rights under federal and state law. Specifically, the proposed Complaint attached to Plaintiffs' IFP applications alleged claims for (1) violations of their rights under the First, Fourth, and Fourteenth Amendment to the United States Constitution

---

[1] Both signs named a specific LVPD officer who Plaintiffs believed had engaged in misconduct, but the officer is not identified in the complaint. *See* ECF No. 9 at 3.

pursuant to 42 U.S.C. § 1983;[2] (2) conspiracy to violate their constitutional rights under 42 U.S.C. § 1985; (3) violations of various civil rights under the Texas Constitution;[3] and (4) malicious prosecution and intentional infliction of emotional distress under Texas common law. *See* ECF No. 1-1 at 4–11. Along with their IFP applications and proposed Complaint, Plaintiffs filed a motion for a preliminary injunction preventing "Defendants and any agents, employees, or representatives of Wilson County from continuing to prosecute these [illegal dumping] charges in the Wilson County Court." ECF No. 3.

On May 26, 2023, the Magistrate Judge issued an order granting Plaintiffs' IFP applications, directing the Clerk to file the proposed Complaint, and ordering Plaintiffs to serve Defendants with process. ECF No. 6 at 6–7. The Complaint and summonses for service on Defendants by the U.S. Marshal Service were docketed later that day. *See* ECF Nos. 8, 9.

On the same day, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's motion for a preliminary injunction (ECF No. 3) be denied. *See* ECF No. 7. The Magistrate Judge concluded that Plaintiffs had failed to establish a substantial likelihood of success on the merits or a substantial threat of irreparable harm absent injunctive relief, both of which are required in order to justify such an extraordinary remedy. *See id.* at 3 (citing *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997)). Plaintiffs' motion offered nothing other than their subjective beliefs as to their likelihood of success. *See id*. Similarly, the alleged irreparable harm that Plaintiffs would suffer without the injunction—the

---

[2] Plaintiffs allege that Defendants violated their First Amendment rights of freedom of speech, freedom to assemble, and freedom to petition the government for a redress of grievances. They further allege a violation of their Fourth Amendment rights, asserting that they were arrested and detained without probable cause and that their signs were seized without probable cause or a warrant. Finally, they allege that Defendants' selective enforcement of the relevant sign ordinances constitute a violation of their equal protection rights under the Fourteenth Amendment.

[3] Plaintiffs assert that Defendants' conduct violated their state constitutional rights to equal protection (Section 3), free speech (Section 8), free assembly (Section 27), due process of law (Section 19), and to be secure against unreasonable searches and seizures of property (Section 9).

possible consequences in the event of their conviction, including fines, penalties, and the loss of their liberty—would be a basis for enjoining every state court prosecution.[4] *Id.* Finally, the Magistrate Judge reasoned that allowing the state case to continue would not prevent the District Court from rendering a meaningful decision on the merits in this § 1983 action. *Id.* (citing *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974) (noting that the "primary justification" for imposing the "extraordinary and drastic remedy" of a preliminary injunction is "to preserve the court's ability to render a meaningful decision on the merits").

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1).

The Magistrate Judge's recommendation was mailed by certified mail on June 26, 2023. ECF No. 10. No objections have been filed, and the time in which to do so has expired.[5]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

---

[4] The Magistrate Judge further observed that the motion was premature inasmuch as Plaintiffs sought a preliminary injunction before Defendants received notice of the lawsuit and without serving their motion on Defendants. *See* ECF No. 7 at 3 (citing FED. R. CIV. P. 65(a)). To the extent that Plaintiffs had mistakenly requested a preliminary injunction instead of an *ex parte* temporary restraining order ("TRO"), the Magistrate Judge noted that the requirements for a TRO had not been met either, including the requirement of a statement explaining efforts to provide notice and why notice should not be required. *See id.* at 3 n.1 (citing FED. R. CIV. P. 65(b)(1)(B)).

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that, "[w]hen a party may or must act within a specified time after service and service is made [by mail to the person's last known address], 3 days are added after the period would otherwise expire under Rule 6(a)." When service under Rule 5(b) is effected by mailing a paper to the recipient's last known address, service is complete upon mailing. FED. R. CIV. P. 5(b)(2)(C). Because service was effected when a copy of the Report and Recommendation was mailed to Plaintiffs' last known address on June 26, 2023, Plaintiffs' objections thereto, if any, should have been filed by July 13, 2023.

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court adopts the Magistrate Judge's recommendation in full and Plaintiffs' motion for a preliminary injunction (ECF No. 3) is **DENIED**.

The Court further concludes that Plaintiffs' claims must be stayed in light of the ongoing criminal proceedings against them in state court. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck v. Humphrey*, the Supreme Court held that a Section 1983 claim for damages that "necessarily impl[ies] the invalidity of [the plaintiff's] conviction or imprisonment" does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* However, in *Wallace v. Kato*, the Supreme Court held that the *Heck* bar does not apply to a civil rights claim that would impugn pending criminal proceedings, and common practice supports the stay of such a civil rights claim pending resolution of the criminal case. 549 U.S. at 384, 393–94 (2007). The Court explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* (citations omitted).

Plaintiffs' civil rights claims are inconsistent with the criminal charges against them and impugn the legality of the criminal proceedings against them. Because Plaintiffs' civil rights claims are interrelated with the pending state criminal proceedings, it would be futile to proceed with this civil rights case until the criminal proceedings are resolved.

Finally, the Court finds that this case is appropriate for administrative closure pending the resolution of the criminal proceedings. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .").

## CONCLUSION

Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation and Plaintiffs' motion for a preliminary injunction (ECF No. 3) is **DENIED**.

It is **FURTHER ORDERED** that Plaintiffs' § 1983 civil rights case is **STAYED** pending a resolution of the criminal proceedings against them. *See id.*

It is **FURTHER ORDERED** that Plaintiffs shall file an advisory with the Court stating the status of their pending criminal case sixty (60) days from the date of this Order and file subsequent advisories every (60) days thereafter. Additionally, Plaintiffs shall file an advisory with the Court informing the Court of any disposition of the criminal proceedings against them, i.e., dismissal, acquittal, conviction, within ten (10) days after any such disposition. If Plaintiffs fails to file an advisory, i.e., status report, as mandated by this Order, the Court will dismiss their suit with prejudice for failure to comply with this Court's Order. *See* FED. R. CIV. P. 41(b).

At any time, Plaintiffs may voluntarily dismiss this case by filing a motion to dismiss. FED. R. CIV. P. 41(a).

The Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively closed, this case will still exist on the docket

of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

    The Clerk is **DIRECTED** to mail a copy of this Order to Joshua Schulz and Yvonne Schulz at 2560 Warncke Rd., La Vernia, Texas 78121.

    It is so **ORDERED**.

    **SIGNED** this 24th day of July, 2023.

XAVIER RODRIGUEZ  
UNITED STATES DISTRICT JUDGE